Our final case for this morning is Willis v. Dart, and in this instance I believe we are going to hear only from the appellant, Mr. Parikh. Mr. Willis v. Dart Good morning, Your Honors. May it please the Court, my name is Amal Parikh, and I represent the appellant, Mr. Willis, in this case. The reason we're here today is that the District Court abused its discretion in denying Mr. Willis' Rule 60b motion because it refused to consider his response to a show-cause order, and this refusal ultimately deprived Mr. Willis of an opportunity to be heard on the merits of his claim by the District Court. So when do you think the final judgment was entered in this case? For the purposes of this appeal, we're accepting the fact that the final judgment was issued on, I believe, February 5th, 2000. That's the 150-day rule that you're using? That's correct. So the reason I'm asking that question is because when the Court issues its August 6th order, it does things that strike me as contradictory. It construes Mr. Willis' letter as a Rule 59e motion. Okay, I can understand that, and denies it. But then it also adds that if Mr. Willis, within the next 21 days, responds to the initial show-cause order, it might consider his submission. That I don't understand at all because that implies that all of the rest of this activity that's been going on is something less than a final judgment and that it really probably shouldn't have been understood as a 59e. So what sense am I to make of that? I think the record is a little bit confusing on that because after the District Court issued the order on August 5th or August 6th, I believe, Mr. Willis did file a response to that. Right, that's the thing he sends in, and I was wondering when that actually got docketed. I guess it does eventually get docketed, but he mails in the response August 27th, so in a sense he's taking advantage of what the District Court offered. But that goes off into the black hole, and when he asks about it, the Court says, oh, you're too late, you can't file a second 59e motion. Seems to say that you can't even file a 60b motion, which isn't right. There's no tolling effect of a 60b motion, so it doesn't have certain impact, but it's fileable within a year. But my first concern really is whether we have a final judgment in this case before the February 5 order that we have before us, because if we don't, then we're in a different standard of review and lots of other things are different. Right, so the way we've briefed the issue is that the February 5 order was a 60b motion. I understand that's how you briefed it, but I'm questioning whether, with this permission to respond within 21 days, isn't that a giant flag that the Court doesn't think it's really finished with the case and it's going to wait and see Mr. Willis does something? I believe that is right. The reason we briefed it as being a 60b motion is because we think it's successful under the standard of review for the abusive discretion for the 60b, which is higher than that. So you're kind of saying, giving everything the benefit of the doubt, you still think you win even if it's 60b. That's correct, Your Honor. Although that's a high standard. It is a high standard, but it's an abusive discretion standard, but there is a higher scrutiny on the district court, particularly in this case where Mr. Willis is acting as a pro se complainant at the time. So you briefed several parts of 60b, and why don't you talk about 60b-1. He's well within the year for 1, 2, or 3. That's correct, Your Honor, and we believe not only 60b-1, but he would be successful under 60b-4 and 60b-6 as well. Yeah, I think 4 is a heavier lift for you, I just have to say. I'm skeptical about 4, but why don't you talk about 1? Sure. So under 60b-1, it would be a relief of judgment for mistake, and in his letter to the court in August 27th, Mr. Willis identifies the mistake that the court made, which was that Mr. Willis never received the original order to show cause and did not have an opportunity to respond to that order. And he also indicates that he asked the court to allow him to proceed in forma paperis, but that he would also, if the court deemed necessary, would make payment to the $400 filing fee or some portion of the $400 filing fee so he could proceed with this. Do you know anything about his present status? He is currently incarcerated. I'm not meaning this as a joke. Did he ever get the tooth filled? I believe he did, but I'm not sure. The one that should have been. He pulled the wrong one, and I'm just curious because that was the pain and suffering that he got the dentist there in the first place. I don't know if he actually got the tooth filled. I know he did see a dentist after the incident that he is complaining about. Okay. Well, that's a sidelight. But, in fact, you're basically saying that under 60B, this is sort of a repeated, you know, it's a 60B challenging an earlier 60B, isn't it? That's correct. Yeah. So you just got this chain of 60B appeals, and it's abusive discretion standard. Yeah. It's unclear whether the district court stated it treated the original first letter, if you call it, from July of 2015 as a 50-90 motion. So there's only one 60B. That's correct. There is only one 60B motion. So the lawsuit's filed.  The court says, I'm going to construe this as 59, but I'm not going to give you any relief. So it denies in August 6 with this, but I'm going to give you another 21 days comment. He responds, but the court doesn't do anything. And then when he writes again, the court construes that as the 60B. That's correct. So there is only one 60B motion. So he's not just peppering it with 60B motions. He just files the one. That's correct. There were three letters that he sent, and the last letter was just a request for status on the second letter that he had sent, which was construed as the 60B motion. Right, right. All right. Well, I guess it's safe to say the court could have approved, I mean, rendered and granted the motion. That would be, you know, our request is that the appellate court actually reverse the district court or, on the alternative, vacate the order and consider Mr. Willis' response to the order to show cause. Because Mr. Willis did, in his letter, explain why he was indigent and was not able to pay the full filing fee at the time. So send it back for reconsideration of the informed pauperous request or his offer in the alternative. You would think if he can come up with the $400, he's going to have to. But anyway, to adjudicate that and let the case go forward. That's correct. Yeah. Okay. Anything? All right. With that, I have nothing further on this panel. Okay. And the defendants, as I recall, the Cook County people filed something in this court saying that they did not wish to participate. Correct. The complaint was never served. The complaint had not been served. So I believe it was a motion for non-participation. Right. Okay. Well, thank you very much. We appreciate your help. And we will take the case under advisement. Thank you. And with that, we are finished with our cases for this morning. So the court will be in recess. Thank you.